**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

| | |
|---|---|
| MISSISSIPPI IMMIGRANTS RIGHTS ALLIANCE, | |
| Plaintiff, | Civil Action No. __3:19-cv-831-CWR-FKB__ |
| v. | |
| DELBERT HOSEMANN, in his official capacity as Secretary of State of the State of Mississippi, | |
| Defendant. | |

## COMPLAINT OF PLAINTIFF MISSISSIPPI IMMIGRANTS RIGHTS ALLIANCE

Plaintiff Mississippi Immigrants Rights Alliance, by and through their undersigned counsel, hereby allege as follows:

## INTRODUCTION

1.      This is an action brought under 42 U.S.C. § 1983 against Delbert Hosemann, in his official capacity as the Secretary of State of the State of Mississippi (the "Secretary").

2.      Section 1 of the Fourteenth Amendment provides:

All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside.  No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. Const. amend. XIV, § 1.

1

3.      Mississippi Code Ann. § 23-15-15 imposes a documentary proof-of-citizenship voter registration requirement on naturalized citizens, but not on anyone else.  The statute provides:

> It shall be the duty of any person who has acquired citizenship by order or decree of naturalization and who is otherwise qualified to register and vote under the laws of the State of Mississippi to present or exhibit to the registrar of the county of his or her residence, at or before the time he or she may offer to register, a certified copy of the final order or decree of naturalization, or a certificate of naturalization or duplicate thereof, or a certified copy of such certificate of naturalization or duplicate; otherwise he or she shall not be allowed to register or to vote.

Miss. Code Ann. § 23-15-15.

4.      Both on its face and as applied, § 23-15-15 treats naturalized citizens — who are overwhelmingly foreign-born immigrants — differently from U.S.-born citizens for purposes of voter registration.  That is unconstitutional.  The Fourteenth Amendment's Equal Protection Clause itself draws no distinction between citizens born or naturalized in the United States.  In the eyes of the Constitution, they are one and the same.

5.      Naturalized citizens are ***American citizens*** in every sense of the term, and they must be treated as such.  Naturalized citizens demonstrate their commitment to the United States, and the guiding principles upon which it was founded, by completing a lengthy naturalization process, being a permanent legal resident of the United States for at least five years, completing an interview, and passing tests involving speaking, reading, and writing in English and a test on U.S. history and government.  They have satisfactorily demonstrated "an attachment to the principles and ideals of the U.S. Constitution."  *See* Naturalization Information, Dep't of Homeland Security, *available at* https://www.uscis.gov/citizenship/educators/naturalization-information.  They have the right to vote in local, state, and federal elections — a right which § 23-15-15 intends to, and does, violate.

2

6.      Section 23-15-15's differential treatment of naturalized citizens is burdensome on them, discourages them from registering to vote and voting, and in many cases forecloses them from registering to vote and voting.  This differential treatment and discriminatory impact violates the Fourteenth Amendment and long-standing U.S. Supreme Court jurisprudence, which recognizes that "[c]itizenship obtained through naturalization is not a second-class citizenship." *United States v. Knauer*, 328 U.S. 654, 658 (1946).  As former Justice Louis Brandeis once remarked, "the only title in our democracy superior to that of President is the title of citizen." U.S. Citizenship & Immigration Servs., The Citizen's Almanac 2 (2014), *available at* http://tinyurl.com/qfesah6.

7.      No state in the United States other than Mississippi subjects naturalized citizens to a higher proof-of-citizenship requirement for voter registration than U.S.-born citizens.  The time has come for the State of Mississippi to stop doing so.

8.      Plaintiff respectfully seeks a judicial declaration that § 23-15-15 is unconstitutional, both on its face and as applied, because it discriminates against naturalized citizens by singling them out for differential treatment in violation of the Fourteenth Amendment's Equal Protection Clause.

9.      Plaintiff also respectfully requests that the Court grant and issue a permanent injunction (1) prohibiting the enforcement of § 23-15-15's proof-of-citizenship requirement and placing Mississippi's naturalized citizens on equal footing with the State's other voter-registration applicants; and (2) requiring the Secretary, Mississippi's chief election official, to take affirmative steps to educate local election officials and the general public about the changed registration requirements.

## JURISDICTION AND VENUE

10.     This action arises under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

11.     The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343 (jurisdiction over civil rights actions).

12.     The Court has authority to grant both declaratory and injunctive relief pursuant to 28 U.S.C. § 2201 (authority to grant declaratory relief) and 28 U.S.C. § 2202 (authority to grant relief ancillary to declaratory judgment), in addition to its inherent equitable powers.

13.     The Court has personal jurisdiction over the Secretary, whose principal office is located in Jackson, Mississippi.

14.     Venue lies in the Southern District of Mississippi pursuant to 28 U.S.C. § 1391(b) because the Secretary is a resident of Mississippi, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred and will occur in this judicial district.

## PLAINTIFF

15.     Plaintiff Mississippi Immigrants Rights Alliance ("MIRA") is a nonpartisan, interracial, nonprofit membership organization headquartered in Jackson, Mississippi.  MIRA was founded in 2000 in response to the needs of the rapidly growing immigrant population in Mississippi.  MIRA's mission involves using advocacy, education, organizing, and legal services to expand and protect the rights of immigrants and their families in Mississippi.  MIRA currently has approximately 1,000 members, many of whom are naturalized citizens.  In furtherance of its mission, MIRA provides a range of services that help new Mississippians navigate the naturalization process and become American citizens.  MIRA staff help many naturalized citizens and U.S.-born family members of immigrants, some of whom are limited in their

English proficiency, to register to vote.  Indeed, MIRA participates in a program that has assisted with registering thousands of citizens to vote and also has engaged in mobilizing new voters to participate in elections.  (*See* Exhibit A.)

## DEFENDANT

16.     Defendant Delbert Hosemann is Mississippi's Secretary of State, and is being sued herein in his official capacity.  The Secretary leads the Elections Division of the Secretary of State's office, and in that capacity, is responsible for, among other things, ensuring that Mississippians' voices are heard throughout the election process, training election officials, and assisting local election officials in carrying out their election-related duties and responsibilities. *See* Mississippi Secretary of State, "Elections & Voting," http://www.sos.ms.gov/Elections-Voting/Pages/default.aspx.

17.     The Secretary of State is Mississippi's chief election officer for the purposes of the National Voter Registration Act of 1993.  Miss. Code Ann. § 23-15-211.1.

18.     The Mississippi Secretary of State is responsible for implementing and maintaining Mississippi's voter registration database, the Statewide Elections Management System.  That database contains the official list of all voters eligible to vote in Mississippi elections.  Miss. Code Ann. §§ 23-15-165(1), 23-15-11.  The Secretary of State is empowered to adopt rules and regulations necessary to administer the Statewide Elections Management System.  *Id*. § 23-15-165(4).

19.     The Mississippi Secretary of State's office created the State's mail-in registration form and is responsible for furnishing it to county circuit clerks and municipal registrars, driver's license offices, and other agencies.  Miss. Code Ann. §§ 23-15-47(3)-(4).  Under Mississippi Code § 25-33-33, the Secretary may prescribe forms and establish fees for services not otherwise

provided by law.  The Secretary also has authority to promulgate regulations under the Mississippi Administrative Procedures Act.  Miss. Code Ann. §§ 25-43-1.101 *et. seq.*

20.     The Secretary also is charged with reviewing the Mississippi Election Code "for potential updates and revisions" to present to the State Legislature for consideration.  In 2016, the Secretary formed the Election Code Study Group, comprised of legislators, circuit clerks, and election commissioners (among others) "to discuss current State election laws and determine which revisions or updates would promote security of the ballot, efficiency of the election system and transparency."  Mississippi Secretary of State, "2016 Election Law Reform Committee," https://bit.ly/2rQ47mJ.  Despite the ability to do so, the Secretary has not proposed a change to Mississippi Code § 23-15-15.

## FACTUAL ALLEGATIONS

### Requirements of Mississippi Law

21.     Only United States citizens may legally register to vote in the State of Mississippi. Miss. Code Ann. §§ 23-15-11, 23-15-21.

22.     First-time Mississippi registrants can mail voter registration applications to their respective county circuit clerks, or register in person at certain government agencies.  Miss. Code Ann. § 23-15-47; 1-10 Miss. Code R. § 7.1.

23.     Mississippi law requires that all voter registration applicants affirm under penalty of perjury that they are citizens of the United States.  *See*, *e.g.*, Mississippi Mail-In Voter Registration Application, *available at* http://www.sos.ms.gov/Elections-Voting/Documents/ Voter_Registration.pdf.

24.     Mississippi voter registration applicants must provide a Mississippi driver's license or the last four digits of their social security number.  1-10 Miss. Code R. Exhibit E at 24. Applicants who cannot do so must produce a copy of a current and valid photo ID or a copy of a

current utility bill, bank statement, government check, paycheck, or other government document showing their name and current address.  1-10 Miss. Code R. Exhibit D at 21.

25.     The foregoing requirements apply equally to both U.S.-born and naturalized citizens.  But Mississippi's naturalized citizens are subject to an additional registration requirement:  they must present "a certified copy of the final order or decree of naturalization, or a certificate of naturalization or duplicate thereof, or a certified copy of such certificate of naturalization or duplicate; otherwise [they] shall not be allowed to register or to vote."  Miss. Code Ann. § 23-15-15.  In other words, under § 23-15-15, naturalized citizens are not permitted to show, for example, a United States passport as proof of their citizenship.

26.     If a U.S. born citizen does not have a driver's license or any other documentation, he or she can register to vote by providing the last four digits of his or her social security number.  Naturalized citizens do not have this option and must present their naturalization paperwork.

27.     Under the Mississippi Attorney General's interpretation of § 23-15-15, applicants must present the enumerated documentation to the appropriate circuit clerk or any deputy county registrar or municipal clerk that has the authority to process voter registration applications.   Op. Miss. Att'y Gen., Aug. 25, 1989, 1989 WL 503394.

28.     Mississippi's documentary proof of citizenship statute, § 23-15-15, is currently being implemented and applied to naturalized citizens in the State of Mississippi.

29.     The Mississippi Secretary of State's office confirmed in writing in December 2018 that "an applicant is not required to offer evidence of U.S. citizenship unless an applicant is a naturalized citizen.  A naturalized citizen is required by statute (Mississippi Code Annotated § 23-15-15) to provide proof or evidence of naturalization to the local Circuit Clerk at the time of

registration." (*See* Exhibit B, Letter from Anna Moak, Sr. Counsel, Miss. Sec'y of State's Office, Dec. 26, 2018, at 2.)

30.     Mississippi's documentary proof-of-citizenship requirement for naturalized citizens has existed since at least 1924, when the State Legislature enacted Chapter 154, and was not subject to Section 5 preclearance under the Voting Rights Act.  Under Section 5, covered jurisdictions cannot enact voting-related changes with a discriminatory purpose or implement voting-related changes that have a retrogressive effect on the ability of minority voters to participate in the political process (as determined by the Department of Justice, the United States District Court for the District of Columbia, or an appellate court).  *See* 52 U.S.C. § 10304.

31.     Counsel for the State of Mississippi confirmed that the documentary proof-of-citizenship requirement was not subject to Section 5 preclearance in a submission of a separate omnibus election bill to the U.S. Department of Justice in 1986.  (*See* Exhibit C.)

32.     Naturalized citizens may not even be aware of the documentary proof-of-citizenship requirement until their voter registration applications are rejected.  For example, the documentary proof-of-citizenship requirement is not stated on any voter registration materials prepared by the Mississippi Secretary of State's office.  *See* 1-10 Miss. Code R. Exhibit D (Mississippi Mail-In Voter Registration Application); 1-10 Miss. Code R. Exhibit E (Instructions to Mississippi Mail-In Voter Registration Application); Mississippi Voter Information Guide *available at* https://www.sos.ms.gov/Elections-Voting/Documents/VoterInformationGuide.pdf (last visited Nov. 16, 2019).

33.     All registered voters in Mississippi, including naturalized citizens who have already provided proof of citizenship when registering, also must provide photo identification to cast a ballot in person at a polling place.  H.B. 921, 2012 Miss. Leg., Reg. Sess.

34.     The Mississippi driver's licenses issued to non-citizens who are legally in the United States are stamped "Non-US Citizen Driver License."  *See* Arielle Dreher, *Mississippi Outs Legal Immigrants on Drivers' Licenses*, Jackson Free Press, Apr. 4, 2018, *available at* http://www.jacksonfreepress.com/news/2018/apr/04/mississippi-outs-legal-immigrants-licenses/. The driver's licenses of naturalized citizens do not contain this language.  Considering that non-citizens who are not eligible to vote possess driver's licenses clearly stamped "Non-US Citizen Driver License," there is no basis for prohibiting naturalized citizens from using their driver's license to register to vote.

**Impact and Burden on Mississippi's Naturalized Citizens**

35.     Section 23-15-15 discriminates against naturalized citizens by denying them the right to register to vote if they do not present their naturalization certificate or a certified copy thereof.  Only naturalized citizens must carry with them documentary proof of their citizenship — in the form of naturalization certificates — to guarantee the opportunity to register to vote.

36.     Further, the statute discriminates against naturalized citizens who might not have ready access to their naturalization certificates, particularly those individuals whose certificates have been stolen or misplaced and lack the financial means to pay the $555 filing fee to obtain replacement copies.  The statute also burdens voters who do not have a "copy of the original document" to submit in connection with an application for a replacement certificate.  *See* U.S. Citizenship and Immigration Services, "N-565, Application for Replacement Naturalization/Citizenship Document," *available at* https://www.uscis.gov/n-565.

37.     Obtaining a replacement naturalization certificate from the U.S. Department of Homeland Security is a lengthy process, frequently taking more than six months or even more than a year to complete.  Replacing a naturalization certificate can result in applicants being

required to respond to a request from the United States Citizenship and Immigration Services ("USCIS") to appear for an interview or to provide additional evidence in writing. *See* U.S. Citizenship and Immigration Services, "Replace My Naturalization Certificate or Certificate of Citizenship," *available at* https://my.uscis.gov/exploremyoptions/lost_stolen_certificate.

38.     Section 23-15-15 also discriminates against naturalized citizens who may not have ready access to transportation or the ability to take time off work in order to comply with the proof of citizenship requirement. Native-born citizens have several options for how to register to vote — in person at the circuit clerk's office; municipal clerk's office; or any state or federal agency offering government services, such as the Department of Human Services; at the Mississippi Department of Public Safety when obtaining a driver's license or identification card; or simply by mailing in the voter registration application. Section 23-15-15, however, requires that naturalized citizens "present or exhibit" their naturalization certificate to the local circuit clerk — and not to anyone else — to register to vote.

39.     The documentary proof-of-citizenship requirement burdens thousands of Mississippi's naturalized citizens, including members of the plaintiff organizations, who are otherwise eligible and qualified to vote but who cannot produce, or have difficulty producing, a naturalization certificate on demand when registering to vote. Naturalized citizens of Mississippi who no longer have copies of their naturalization certificates because their original certificates were lost, destroyed, damaged, or stolen, and who lack the means of obtaining replacement copies, may be denied the ability to register and, ultimately, their right to vote as a result of the documentary proof-of-citizenship requirement. Naturalized citizens seeking to register to vote whose naturalization certificates are lost, stolen, damaged, or destroyed within months before an election may not be able to obtain a replacement certificate in time to vote or to have their provisional ballots counted.

10

40.     The problem created by § 23-15-15 is made more pronounced because of Mississippi's practices at naturalization ceremonies.  According to USCIS, "All newly naturalized citizens must be given the opportunity to register at the end of the administrative naturalization ceremony when the new citizen is then eligible to register to vote."  12 USCIS-PM J.5(F)(1).  USCIS's preference is for state or local election officials to provide voter registration services at the ceremony.  *Id*.  If that is not possible, USCIS's next stated preference is for a non-governmental organization that conducts voter registration to provide such services at the ceremony.  *Id*.  In the absence of these options, USCIS's policy is to provide voter registration applications to all new citizens.  *Id*.; 12 USCIS-PM J.5(J)(1) ("USCIS is responsible for . . . [e]nsuring that voter registration applications are offered to new citizens at the end of the ceremony.").

41.     In many states, such as Texas, Florida, and Georgia, voter registration opportunities are generally available at naturalization ceremonies for new citizens and their families.  Voter registration groups, in coordination with state election officials and law enforcement authorities, bring applications and other necessary materials to naturalization ceremonies and conduct registration drives for new citizens and other individuals who wish to register to vote.

42.     In Mississippi, however, voter registration opportunities are rarely available at naturalization ceremonies despite the federal government's express goal of providing voter registration opportunities at naturalization ceremonies.

**Mississippi's Naturalized Citizen Population**

43.     According to the 2013-2017 American Community Survey, there are approximately 26,424 naturalized citizens in Mississippi.

44.     Mississippi's naturalized citizen population has increased by more than 50 percent between 2000 (roughly 16,098 per the 2000 decennial census) and 2015 (approximately 26,424 per the 2013-2017 American Community Survey).

45.     Mississippi's naturalized citizen population is predominantly non-white.  Of the approximately 26,424 naturalized citizens in Mississippi, about 11,989 (45.3%) were born in Asia, 8,063 (30.5%) were born in Latin America, 4,193 (15.8%) were born in Europe, and 1,507 (5.7%) were born in Africa, according to the 2013-2017 American Community Survey.

**Impact and Burden on MIRA and its Members**

46.     The protection of the rights of immigrants and their families in Mississippi is a fundamental part of MIRA's mission.  Voting is one of the most important rights — and responsibilities — that citizens have.  Thus, helping naturalized citizens and U.S.-born family members of immigrants to register to vote is crucial to MIRA's mission.  However, it is only one of the many services that MIRA provides to immigrants, which include, but are not limited to, assistance with the naturalization process and assistance with access to housing, health care, and safe working conditions.  MIRA's other organizational activities include legislative advocacy, public education efforts, and providing legal services to immigrants.

47.     Helping U.S.-born citizens, including family members of immigrants, to register to vote is generally a simple process that requires the completion and submission of the voter registration form.  Helping naturalized citizens comply with the proof-of-citizenship requirement requires additional resources in the form of staff, volunteer time, and money.  Those resources are allocated to helping MIRA's members and other naturalized citizens navigate the voter registration process, educating them regarding the additional registration requirements for naturalized citizens, and assisting them with obtaining the requisite documentation and their

12

registrations.  As the population of naturalized citizens grows in Mississippi, MIRA is forced to

increasingly divert resources to combat the burden imposed by Mississippi's proof-of-citizenship

requirement for naturalized citizens.  MIRA's resources are very limited because the

organization relies primarily on donations and volunteers to conduct its operations.  As such,

every hour of staff or volunteer time that is expended to address the proof-of-citizenship

requirement is being diverted from MIRA's other projects, such as its naturalization services and

legislative advocacy efforts.  Thus, the proof-of-citizenship requirement frustrates MIRA's

mission to protect the rights of immigrants and their families.

48.     MIRA's members include naturalized citizens who are subject to Mississippi's

proof-of-citizenship registration requirement.  These MIRA members have been, and continue to

be, denied equal treatment under the law as a result of the discriminatory proof-of-citizenship

requirement.  MIRA's interest in protecting the rights of its members who are naturalized

citizens and shielding them from discrimination is inherent to its mission of protecting immigrant

rights.

## COUNT I: EQUAL PROTECTION

**42 U.S.C. § 1983 – Discrimination in Violation of the Equal Protection
Clause of the Fourteenth Amendment to the United States Constitution**

49.     Plaintiff incorporates and re-alleges each of the foregoing paragraphs as though

set forth fully herein.

50.     Under 42 U.S.C. § 1983, "[e]very person who, under color of any statute,

ordinance, regulation, custom, or usage, of any State . . . subjects or causes to be subjected, any

citizen of the United States or other person within the jurisdiction thereof to the deprivation of

any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the

party injured in an action at law, suit in equity, or other proper proceeding for redress."

51.     The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws."

52.     Mississippi's voting procedures deny equal protection of the laws to its naturalized citizens, including members of MIRA, by arbitrarily and unnecessarily creating two classes of voter registration applicants: naturalized citizens, who are subject to a documentary proof-of-citizenship requirement, and native-born U.S. citizens, who are not subject to any such requirement.

53.     The documentary proof-of-citizenship requirement singles out naturalized citizens because it requires that they produce a naturalization certificate or a certified copy before being permitted to register to vote.  This requirement discriminates on the basis of national origin in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

54.     Mississippi's documentary proof-of-citizenship requirement for naturalized citizens is not outweighed by, and is not necessary to promote, any substantial or compelling state interest that cannot be accomplished by other, less restrictive means.

55.     There is no compelling or even legitimate justification for imposing the extra burden of a proof of citizenship voter registration requirement on the right to vote of Mississippi's naturalized citizens, or for limiting the forms of acceptable documentation to a naturalization certificate or a certified copy.

56.     While § 23-15-15 is subject to strict scrutiny, there is no legitimate or even rational reason why requiring documentary proof of citizenship solely from naturalized citizens is likely to prevent voting by ineligible non-citizens.

14

57.    Mississippi's documentary proof-of-citizenship requirement is being implemented under color of the laws of the State of Mississippi.

58.    Existing provisions of the Mississippi Code and federal law adequately protect the integrity of elections in Mississippi.  *See*, *e.g.*, Miss. Code Ann. § 97-13-25 (illegal registration is a crime resulting in imprisonment in a State Penitentiary for up to five years and/or a fine of up to $5,000), § 23-15-21.

59.    Plaintiff will continue to suffer the violation of its rights as alleged in this Complaint absent relief granted by the Court.

## COUNT 2: BURDEN ON THE FUNDAMENTAL RIGHT TO VOTE

**42 U.S.C. § 1983 – Violation of the First Amendment and the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution**

60.    Plaintiff incorporates and re-alleges each of the foregoing paragraphs as though set forth fully herein.

61.    The First and Fourteenth Amendments of the United States Constitution protect the right to vote as a fundamental right.  The First Amendment's guarantees of freedom of speech and association protect all citizens' right to vote and to participate in the political process. The right to vote is a fundamental constitutional right also protected by both the due process clause and equal protection clause of the Fourteenth Amendment.  *See*, *e.g.*, *Bush v. Gore*, 531 U.S. 98, 104-05 (2000); *Harper v. Va. State Bd. of Elections*, 383 U.S. 663, 670 (1966); *Anderson v. Celebrezze*, 460 U.S. 780, 786-87 & n.7 (1983).

62.    Discriminatory and severe burdens on the right to vote are subject to strict scrutiny.  *Harper*, 383 U.S. at 670; *Anderson v. Celebrezze*, 460 U.S. at 786-87. The burdens imposed by Mississippi's proof of citizenship requirement are plainly discriminatory and severe. The requirement burdens naturalized citizens, but not other voter registration applicants.

63.     The strict proof of citizenship requirement requires the applicant to provide a naturalization certificate or a certified copy, but not any other documentation proving the applicant is a U.S. citizen.  The requirement also applies to an arbitrary subsection of Mississippi's eligible voters.  As such, it is not narrowly drawn to advance any state interest sufficiently compelling to justify the imposition of a registration requirement that can burden or disenfranchise otherwise eligible voters.

64.     While the burdens of this requirement are severe and discriminatory, Mississippi's regime cannot pass muster even under the less restrictive *Anderson-Burdick* balancing test for more ordinary voting regulations.  *Burdick v. Takushi*, 504 U.S. 428, 434 (1992) (holding that courts "must weigh 'the character and magnitude of the asserted injury to the rights protected by the First and Fourteenth Amendments that the plaintiff seeks to vindicate' against 'the precise interests put forward by the State as justifications for the burden imposed by its rule,' taking into consideration 'the extent to which those interests make it necessary to burden the plaintiffs rights'" (quoting *Celebrezze*, 460 U.S. at 789)).

65.     There is no sufficient state interest justifying Mississippi's documentary proof of citizenship requirement that is not already adequately protected by Mississippi's preexisting criminal laws and elections apparatus, particularly given Mississippi's strict photo ID law and the fact that applicants must swear or affirm their United States citizenship on the voter registration form under penalty of perjury.

66.     If enforcement of the proof of citizenship requirement for naturalized citizens is not enjoined or otherwise modified to ameliorate the severe burdens it imposes, it will continue to indefinitely impose severe burdens on naturalized citizens' right to vote, requiring Plaintiff to divert resources in an attempt to remedy the deprivation.

16

67.     Plaintiff will continue to suffer the violation of its rights as alleged in this Complaint absent relief granted by the Court.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that the Court:

1.     Enter judgment in favor of Plaintiff and against the Secretary on the claims for relief as alleged in this Complaint;

2.     Enter a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 declaring that Mississippi's documentary proof-of-citizenship requirement for naturalized citizens as codified in § 23-15-15 of the Mississippi Code violates the First Amendment and the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

3.     Grant Plaintiff preliminary and/or permanent injunctive relief by enjoining the enforcement of Mississippi's proof-of-citizenship requirement as codified in § 23-15-15 of the Mississippi Code;

4.     Grant Plaintiff preliminary and/or permanent injunctive relief by ordering the Secretary, his employees, agents, officers, servants, and successors to undertake the following remedial actions:

a.     Issue guidance to county election officials confirming that they cannot require documentary proof of citizenship from naturalized citizens and must accept the same affirmation of citizenship, under penalty of perjury, provided by naturalized citizens who are seeking to register to vote as for all other voters;

b.     Update the Secretary's website, election guide, manuals, guidance, rules, regulations, educational materials, etc. to confirm that naturalized citizens may register to vote using the same affirmation of citizenship, under penalty of perjury, that all other

voters are required to provide under state law, and to issue guidance to county election officials that they should update their respective websites, election guides, manuals, guidance, rules, regulations, educational materials, etc. accordingly;

      c.      Conduct regular trainings for relevant staff at circuit clerk offices and other election officials on registration requirements for naturalized citizens, including that they may register to vote using the same affirmation of citizenship, under penalty of perjury, that all other voters are required to provide under state law, and take affirmative steps to evaluate and ensure staff are providing voters with correct information;

      d.      Educate Mississippians that naturalized citizens may register to vote using the same affirmation of citizenship, under penalty of perjury, that all other voters are required to provide under state law, including, but not limited to, a press release to the media, the distribution of print notices to all organizations that provide services to naturalized citizens, and posting a notice on the Secretary of State's website;

      e.      Take steps (e.g., an audit) to evaluate and ensure that staff at county circuit clerks' offices are providing naturalized citizens with the correct information about the procedures under which they may register to vote;

      f.      Undertake all necessary steps to ensure that naturalized citizens in Mississippi may register to vote using the same affirmation of citizenship, under penalty of perjury, that all other voters are required to provide under state law, including but not limited to any necessary changes to the statewide voter registration database;

      g.      Require the Secretary to transmit any Order of this Court granting preliminary or final injunctive relief to county boards of elections;

     h.      Require the Secretary to take all steps permitted by law to allow and encourage voter registration groups to conduct voter registration at naturalization ceremonies attended by Mississippi residents who are obtaining United States citizenship;

     5.      Order that the Secretary, his employees, agents, servants and successors maintain, preserve, and not destroy until after December 31, 2028, any and all records relating to § 23-15-15 of the Mississippi Code and its implementation;

     6.      Order that the Court shall retain jurisdiction over the Secretary and his successors for such period of time as may be appropriate to ensure compliance with relief ordered by this Court;

     7.      Award Plaintiff its reasonable attorneys' fees and costs pursuant to statute; and

     8.      Grant Plaintiff such other and further relief as may be just and equitable.

Dated:  November 18, 2019           Respectfully submitted,

                                      */s/  Beth L. Orlansky*

Beth L. Orlansky (MS Bar No. 3938)     Ezra D. Rosenberg (*pro hac vice* to be filed)
Mississippi Center for Justice          John Powers (*pro hac vice* to be filed)
P.O. Box 1023                     Lawyers' Committee for Civil Rights
Jackson, MS 39205-1023             Under Law
Phone: (601) 352-2269             1500 K Street NW, Suite 900
borlansky@mscenterforjustice.org    Washington, D.C. 20005
                                        Phone: (202) 662-8600
Robert B. McDuff (MS Bar No. 2532)  Fax: (202) 783-0857
767 North Congress Street           erosenberg@lawyerscommittee.org
Jackson, MS 39202                   jpowers@lawyerscommittee.org
Phone: (601) 969-0802
rbm@mcdufflaw.com

19

Ronald B. Turovsky (*pro hac vice* to be filed)
Emil Petrossian (*pro hac vice* to be filed)
Alexandra N. Hill (*pro hac vice* to be filed)
Manatt, Phelps & Phillips, LLP
11355 W. Olympic Blvd.
Los Angeles, CA 90064
Phone: (310) 312-4000
Fax: (310) 312-4224
rturovsky@manatt.com
epetrossian@manatt.com
ahill@manatt.com

*Attorneys for Plaintiff*
MISSISSIPPI IMMIGRANTS RIGHTS ALLIANCE