**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**MISSISSIPPI IMMIGRANTS RIGHTS
ALLIANCE and LEAGUE OF WOMEN
VOTERS OF MISSISSIPPI**                                              **PLAINTIFFS**

**VERSUS**                                  **CIVIL ACTION NO.  3:19-cv-831-CWR-FKB**

**MICHAEL WATSON, in his official
Capacity as Secretary of State of the State of
Mississippi, et al.**                                                  **DEFENDANTS**

**ANSWER AND AFFIRMATIVE DEFENSES OF
CONNIE LADNER, HARRISON COUNTY CIRCUIT CLERK
AND COUNTER-COMPLAINT**

COMES NOW, Defendant, CONNIE LADNER, in her official capacity as Harrison County Circuit Clerk, by and through her attorneys of record TIM C. HOLLEMAN & PATRICK T. GUILD, BOYCE HOLLEMAN & ASSOCIATES, and files her Answer and Affirmative Defenses to Plaintiff's First Amended Complaint [Dkt #28] and Counter-Complaint, and in support thereof, would show unto this Honorable Court the following, to-wit:

**FIRST DEFENSE**

The Amended Complaint fails to state a claim or cause of action against the Defendant for which relief might be granted, and therefore, the same should be dismissed in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure with all costs to be assessed against the Plaintiffs. Specifically, the Complaint fails to state a single allegation against this Defendant, and Defendant specifically reserves the right to file a separate Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b) based on the same.  Further, Defendant specifically reserves all remaining defenses as set forth in Rule 12(b) of the Federal Rules of Civil Procedure.

## SECOND DEFENSE

That at all times relevant to Plaintiffs' claims, this Defendant acted in an objectively reasonable manner and in good faith in the execution of any official duty, and therefore, this Defendant is immune from liability.

## THIRD DEFENSE

The Plaintiffs have not suffered a Constitutional deprivation.

## FOURTH DEFENSE

The Amended Complaint should be dismissed as the Plaintiffs lack standing to bring the same.

## FIFTH DEFENSE

To the extent applicable, Defendant specifically pleads all protections to which she may be entitled to pursuant to § 11-46-1, *et. seq.* of the Mississippi Code of 1972, commonly known as the Mississippi Tort Claims Act, including, but not limited to, all notice requirements, all exemptions from the waiver of sovereign immunity, all statutes of limitations, the Defendant's right to a bench trial, and all limitations on liability contained therein.

## SIXTH DEFENSE

Defendant invokes the provisions of § 85-5-7 of the Mississippi Code Annotated of 1972, as amended; thus, reserving any claims for apportionment, contribution and/or indemnity as to other named or unnamed tortfeasors.

## SEVENTH DEFENSE

Defendant pleads all applicable privileges and immunities under both state and federal law, including, but not limited to, the common law and statutory doctrine of sovereign immunity, absolute immunity, and qualified immunity.  Defendant states that she is protected by sovereign,

absolute and/or qualified immunity against any claims for penalties, damages, attorneys' fees, or any other damages as requested in the Plaintiffs' Amended Complaint.

## EIGHTH DEFENSE

Defendant specifically asserts that the cause of action asserted by the Plaintiffs, in whole or in part, is barred by the applicable statute of limitations.

## NINTH DEFENSE

Defendant specifically pleads Miss. Code Ann. § 11-46-9(1)(b), which exempts governmental entities and their employees from exercising ordinary care in reliance upon, or **in the execution and performance of**, or in the failure to execute or perform, **a statute**, ordinance or regulation, **whether or not the statute, ordinance or regulation be valid**.

## TENTH DEFENSE

Defendant specifically pleads Miss. Code Ann. § 11-46-9(1)(d), which exempts governmental entities and their employees from the waiver of sovereign immunity for any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused.

## ELEVENTH DEFENSE

Defendant pleads affirmatively those defenses set forth in Fed. R. Civ. P. 8(c) that may be applicable to the claims asserted, including but not limited to assumption of risk; contributory negligence; estoppel; fraud; illegality; injury by fellow servant; laches; res judicata; statute of frauds; statute of limitations; and waiver, as well as any other matter constituting an avoidance or affirmative defense to the claims asserted herein.

## ANSWER TO AMENDED COMPLAINT

Now, answering the Amended Complaint [Dkt #28], paragraph by paragraph, Defendant, CONNIE LADNER, in her official capacity as Harrison County Circuit Clerk, would state as follows:

## INTRODUCTION

### 1.

To the extent Paragraph 1 of the Amended Complaint alleges any wrongdoing on behalf of this Defendant, the same is denied.

### 2.

This Defendant would aver that the constitutional provision quoted in Paragraph 2 of the Amended Complaint speaks for itself and any allegation to the contrary is denied.

### 3.

This Defendant would aver that Miss. Code Ann § 23-15-15 quoted in Paragraph 3 of the Amended Complaint speaks for itself and any allegation to the contrary is denied.

### 4.

This Defendant would aver that the constitutional provisions and Miss. Code Ann § 23-15-15 referenced in Paragraph 4 of the Amended Complaint speaks for itself and any allegation to the contrary is denied.

### 5.

The allegations contained in Paragraph 5 of the Amended Complaint are denied.  To the extent Paragraph 5 references any constitutional provision or Mississippi statute, this Defendant would aver that they speak for themselves and any allegation to the contrary is denied.

6.

The allegations contained in Paragraph 6 of the Amended Complaint are denied.   To the extent Paragraph 6 references any Mississippi statute, including Miss. Code Ann. § 23-15-47, this Defendant would aver that they speak for themselves and any allegation to the contrary is denied.

7.

The allegations contained in Paragraph 7 of the Amended Complaint are denied.   To the extent Paragraph 7 references any constitutional provision, Mississippi statute, including Miss. Code Ann. § 23-15-15; judicial opinion, and/or other reference, this Defendant would aver that they speak for themselves and any allegation to the contrary is denied.

8.

To the extent Paragraph 8 of the Amended Complaint alleges any wrongdoing by this Defendant, the same is denied.  Further, this Defendant does not have sufficient knowledge as to the actions or inactions of "no state in the United States other than Mississippi" and would therefore deny the same.

9.

The allegations contained in Paragraph 9 of the Amended Complaint are denied.

10.

The allegations contained in Paragraph 10 of the Amended Complaint are denied.

11.

The allegations contained in Paragraph 11 of the Amended Complaint are denied.

**JURISDICTION AND VENUE**

12.

The allegations contained in Paragraph 12 of the Amended Complaint are denied.

13.

The allegations contained in Paragraph 13 of the Amended Complaint are denied.

14.

The allegations contained in Paragraph 14 of the Amended Complaint are denied.

15.

The allegations contained in Paragraph 15 are not directed at the answering Defendant, but upon information and belief, the same is admitted.

16.

The allegations contained in Paragraph 16 of the Amended Complaint are admitted.

17.

It is admitted that venue lies in the Southern District of Mississippi. This Defendant would aver that 28 U.S.C. § 1391(b) speaks for itself and any allegation to the contrary is denied. The remaining allegations contained in Paragraph 17 of the Amended Complaint are denied.

**PLAINTIFFS**

18.

This Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 18 of the Amended Complaint; therefore, out of an abundance of caution, the same is denied. Defendant would further state that the Amended Complaint was void of the "Exhibit 'A'" referenced in Paragraph 18; however, in the event this Defendant is mistaken,

denial is made to any of the contents contained in the referenced "Exhibit 'A'" out of an abundance of caution.

19.

This Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 19 of the Amended Complaint; therefore, out of an abundance of caution, the same are denied.

<strong><u>DEFENDANTS</u></strong>

20.

The allegations contained in Paragraph 20 of the Amended Complaint are not directed at the answering Defendant; however, in the event this Defendant is mistaken and out of an abundance of caution, the same are denied.

21.

This Defendant would aver that Miss. Code Ann. § 23-15-211.1 speaks for itself and any allegation to the contrary contained in Paragraph 21 of the Amended Complaint is denied.

22.

The allegations contained in Paragraph 22 of the Amended Complaint are not directed at the answering Defendant; however, in the event this Defendant is mistaken and out of an abundance of caution, the same are denied.  This Defendant would further aver that Miss. Code Ann. § 23-15-165 and 23-15-11 speak for themselves and any allegation to the contrary contained in Paragraph 22 of the Amended Complaint is also denied.

23.

The allegations contained in Paragraph 23 of the Amended Complaint are not directed at the answering Defendant; however, in the event this Defendant is mistaken and out of an

abundance of caution, the same are denied.  This Defendant would further aver that Miss. Code Ann. § 23-15-47, 25-33-33, and 25-43-1.101 *et seq.* speak for themselves and any allegation to the contrary contained in Paragraph 23 of the Amended Complaint is also denied.

24.

The allegations contained in Paragraph 24 of the Amended Complaint are not directed at the answering Defendant; however, in the event this Defendant is mistaken and out of an abundance of caution, the same are denied.

25.

It is admitted that Ken Adcock is the Leake County Circuit Clerk and has been sued in his official capacity.   All remaining allegations contained Paragraph 25 of the Amended Complaint are denied as stated.

26.

It is admitted that Concetta Brooks is the Jones County Circuit Clerk and has been sued in her official capacity.   All remaining allegations contained Paragraph 26 of the Amended Complaint are denied as stated.

27.

It is admitted that Randy Carney is the Jackson County Circuit Clerk and has been sued in his official capacity.   All remaining allegations contained Paragraph 27 of the Amended Complaint are denied as stated.

28.

It is admitted that Rebecca Gray is the Scott County Circuit Clerk and has been sued in her official capacity.   All remaining allegations contained Paragraph 28 of the Amended Complaint are denied as stated.

-8-

29.

It is admitted that this Defendant, Connie Ladner, is the Harrison County Circuit Clerk and has been sued in her official capacity.  All remaining allegations contained Paragraph 29 of the Amended Complaint are denied as stated.

30.

It is admitted that Zack Wallace is the Hinds County Circuit Clerk and has been sued in his official capacity.   All remaining allegations contained Paragraph 30 of the Amended Complaint are denied as stated.

## FACTUAL ALLEGATIONS

31.

This Defendant would aver that Miss. Code Ann. § 23-15-11 and 23-15-21 speak for themselves and any allegation to the contrary contained in Paragraph 31 of the Amended Complaint is denied.

32.

This Defendant would aver that Miss. Code Ann. § 23-15-47 and 1-10 Miss. Cod R. §7.1 speak for themselves and any allegation to the contrary contained in Paragraph 32 of the Amended Complaint is denied.

33.

This Defendant would aver that the referenced "Mississippi law" and referenced document in Paragraph 33 of the Amended Complaint speak for themselves and any allegation to the contrary contained in Paragraph 33 of the Amended Complaint is denied.

34.

This Defendant would aver that the referenced regulations in Paragraph 34 of the Amended Complaint speak for themselves and any allegation to the contrary contained in Paragraph 34 of the Amended Complaint is denied.  Defendant would further state that the Amended Complaint was void of the "Exhibit 'D' and 'E'" referenced in Paragraph 34; however, in the event this Defendant is mistaken, denial is made to any of the contents contained in the referenced "Exhibit 'D' and 'E'" out of an abundance of caution.

35.

This Defendant would aver that Miss. Code Ann. § 23-15-15 speaks for itself and any allegation to the contrary contained in Paragraph 35 of the Amended Complaint is denied.  Any remaining allegation contained in Paragraph 35 of the Amended Complaint is denied as stated.

36.

The allegations contained in Paragraph 36 of the Amended Complaint are denied as stated.

37.

This Defendant would aver that Miss. Code Ann. § 23-15-15 and the referenced Attorney General Opinion contained in Paragraph 37 of the Amended Complaint speak for themselves and any allegation to the contrary contained in Paragraph 37 of the Amended Complaint is denied.

38.

To the extent Paragraph 38 of the Amended Complaint alleges any wrongdoing on behalf of the answering Defendant, said allegations are denied.

39.

This Defendant is without sufficient knowledge to admit or deny the allegation contained in Paragraph 39 of the Amended Complaint; therefore, out of an abundance of caution, the same is denied.  Defendant would further state that the Amended Complaint was void of the "Exhibit 'B'" referenced in Paragraph 39; however, in the event this Defendant is mistaken, denial is made to any of the contents contained in the referenced "Exhibit 'B'" out of an abundance of caution.

40.

This Defendant would aver that any legal authority referenced in Paragraph 40 of the Amended Complaint speaks for itself and any allegation to the contrary contained in Paragraph 40 of the Amended Complaint is denied.  Any remaining allegation contained in Paragraph 40 of the Amended Complaint is denied as stated.

41.

This Defendant is without sufficient knowledge to admit or deny the allegation contained in Paragraph 41 of the Amended Complaint; therefore, out of an abundance of caution, the same is denied.  Defendant would further state that the Amended Complaint was void of the "Exhibit 'C'" referenced in Paragraph 41; however, in the event this Defendant is mistaken, denial is made to any of the contents contained in the referenced "Exhibit 'B'" out of an abundance of caution.

42.

This Defendant would aver that any legal authority referenced in Paragraph 42 of the Amended Complaint speaks for itself and any allegation to the contrary contained in Paragraph 42 of the Amended Complaint is denied.

43.

The allegations contained in Paragraph 43 of the Amended Complaint are denied as stated.

44.

This Defendant would aver that Miss. Code Ann. § 23-15-47 speaks for itself and any allegation to the contrary contained in Paragraph 44 of the Amended Complaint is denied.

45.

This Defendant would aver that Miss. Code Ann. § 23-15-47 speaks for itself and any allegation to the contrary contained in Paragraph 45 of the Amended Complaint is denied.

46.

The allegations contained in Paragraph 46 of the Amended Complaint are denied as stated.

47.

This Defendant is without sufficient knowledge to admit or deny the allegation contained in Paragraph 47 of the Amended Complaint; therefore, out of an abundance of caution, the same is denied.

48.

The allegations contained in Paragraph 48 of the Amended Complaint are denied as stated.

49.

The allegations contained in Paragraph 49 of the Amended Complaint are denied as stated.

50.

The allegations contained in Paragraph 50 of the Amended Complaint are denied as stated.

51.

The allegations contained in Paragraph 51 of the Amended Complaint are denied as stated.

52.

The allegations contained in Paragraph 52 of the Amended Complaint are denied as stated.

53.

The allegations contained in Paragraph 53 of the Amended Complaint are denied as stated.

54.

The allegations contained in Paragraph 54 of the Amended Complaint are denied as stated.

55.

This Defendant would aver that the documents produced in response to the referenced subpoenas in Paragraph 55 of the Amended Complaint speak for themselves and any allegation to the contrary contained in Paragraph 55 of the Amended Complaint is denied.  Any remaining allegations contained in Paragraph 55 of the Amended Complaint are denied.

56.

The allegations contained in Paragraph 56 of the Amended Complaint are denied.

57.

The allegations contained in Paragraph 57 of the Amended Complaint are denied.

58.

This Defendant is without sufficient knowledge to admit or deny the allegation contained in Paragraph 58 of the Amended Complaint; therefore, out of an abundance of caution, the same is denied.

59.

This Defendant is without sufficient knowledge to admit or deny the allegation contained in Paragraph 59 of the Amended Complaint; therefore, out of an abundance of caution, the same is denied.

60.

This Defendant is without sufficient knowledge to admit or deny the allegation contained in Paragraph 60 of the Amended Complaint; therefore, out of an abundance of caution, the same is denied.

61.

The allegations contained in Paragraph 61 of the Amended Complaint are denied.

62.

The allegations contained in Paragraph 62 of the Amended Complaint are denied.

63.

This Defendant is without sufficient knowledge to admit or deny the allegation contained in Paragraph 63 of the Amended Complaint; therefore, out of an abundance of caution, the same is denied.

64.

This Defendant would aver that Miss. Code Ann. § 23-15-15 speaks for itself and any allegation to the contrary contained in Paragraph 64 of the Amended Complaint is denied.  Any remaining allegation contained in Paragraph 64 of the Amended Complaint is denied.

65.

The allegations contained in Paragraph 65 of the Amended Complaint are denied.

66.

This Defendant would aver that any legal authority referenced in Paragraph 66 of the Amended Complaint speaks for itself and any allegation to the contrary contained in Paragraph 66 of the Amended Complaint is denied.  Any remaining allegation contained in Paragraph 66 of the Amended Complaint is denied as stated.

67.

This Defendant is without sufficient knowledge to admit or deny the allegation contained in Paragraph 67 of the Amended Complaint; therefore, out of an abundance of caution, the same is denied.

68.

This Defendant is without sufficient knowledge to admit or deny the allegation contained in Paragraph 68 of the Amended Complaint; therefore, out of an abundance of caution, the same is denied.

69.

The allegations contained in Paragraph 69 of the Amended Complaint are denied.

70.

This Defendant is without sufficient knowledge to admit or deny the allegation contained in Paragraph 70 of the Amended Complaint or to comment on the accuracy of the referenced "survey"; therefore, out of an abundance of caution, the same is denied.

71.

This Defendant is without sufficient knowledge to admit or deny the allegation contained in Paragraph 71 of the Amended Complaint or to comment on the accuracy of the referenced "survey"; therefore, out of an abundance of caution, the same is denied.

72.

This Defendant is without sufficient knowledge to admit or deny the allegation contained in Paragraph 72 of the Amended Complaint or to comment on the accuracy of the referenced "survey"; therefore, out of an abundance of caution, the same is denied.

73.

The allegations contained in Paragraph 73 of the Amended Complaint are denied.

74.

This Defendant is without sufficient knowledge to admit or deny the allegation contained in Paragraph 74 of the Amended Complaint or to speak about "Plaintiff's mission"; therefore, out of an abundance of caution, the same is denied.

75.

This Defendant is without sufficient knowledge to admit or deny the allegation contained in Paragraph 75 of the Amended Complaint; therefore, out of an abundance of caution, the same is denied.

76.

This Defendant is without sufficient knowledge to admit or deny the allegation contained in Paragraph 76 of the Amended Complaint; therefore, out of an abundance of caution, the same is denied.

77.

This Defendant is without sufficient knowledge to admit or deny the allegation contained in Paragraph 77 of the Amended Complaint; therefore, out of an abundance of caution, the same is denied.

## COUNT I:  EQUAL PROTECTION – PROOF OF CITIZENSHIP REQUIREMENT

78.

This Defendant would incorporate her responses in Paragraphs 1-77, above, in response to Paragraph 78 of the Amended Complaint.

79.

This Defendant would aver that 42 U.S.C. § 1983 speaks for itself and any allegation to the contrary contained in Paragraph 79 of the Amended Complaint is denied.

80.

This Defendant would aver that the constitutional provisions quoted in Paragraph 80 of the Amended Complaint speak for themselves and any allegation to the contrary contained in Paragraph 80 of the Amended Complaint is denied.

81.

The allegations contained in Paragraph 81 of the Amended Complaint are denied.

82.

The allegations contained in Paragraph 82 of the Amended Complaint are denied.

83.

The allegations contained in Paragraph 83 of the Amended Complaint are denied.

84.

The allegations contained in Paragraph 84 of the Amended Complaint are denied.

85.

The allegations contained in Paragraph 85 of the Amended Complaint are denied.

86.

The allegations contained in Paragraph 86 of the Amended Complaint are denied as stated.

87.

This Defendant would aver that Miss. Code Ann. § 97-23-25 and 23-15-21 speak for themselves and any allegation to the contrary contained in Paragraph 87 of the Amended Complaint is denied.  Any remaining allegation contained in Paragraph 87 of the Amended Complaint is denied as stated.

88.

The allegations contained in Paragraph 88 of the Amended Complaint are denied.

**COUNT 2:  EQUAL PROTECTION – VERIFY DPS DATABASE MATCH**

89.

This Defendant would incorporate her responses in Paragraphs 1-88, above, in response to Paragraph 89 of the Amended Complaint.

90.

This Defendant would aver that the constitutional provisions referenced in Paragraph 90 of the Amended Complaint speak for themselves and any allegation to the contrary contained in Paragraph 90 of the Amended Complaint is denied.

91.

The allegations contained in Paragraph 91 of the Amended Complaint are denied.

92.

The allegations contained in Paragraph 92 of the Amended Complaint are denied.

93.

The allegations contained in Paragraph 93 of the Amended Complaint are not directed at the answering Defendant; however, in the event this Defendant is mistaken and out of an abundance of caution, the same are denied.

94.

The allegations contained in Paragraph 94 of the Amended Complaint are denied.

95.

The allegations contained in Paragraph 95 of the Amended Complaint are denied.

96.

The allegations contained in Paragraph 96 of the Amended Complaint are denied

## COUNT 3: BURDEN ON THE FUNDAMENTAL RIGHT TO VOTE – VERIFY DPS

97.

This Defendant would incorporate her responses in Paragraphs 1-96, above, in response to Paragraph 97 of the Amended Complaint.

98.

This Defendant would aver that the constitutional provisions and legal authority referenced in Paragraph 98 of the Amended Complaint speak for themselves and any allegation to the contrary contained in Paragraph 98 of the Amended Complaint is denied.

99.

The allegations contained in Paragraph 99 of the Amended Complaint are denied.

100.

The allegations contained in Paragraph 100 of the Amended Complaint are denied.

101.

The allegations contained in Paragraph 101 of the Amended Complaint are denied.

102.

This Defendant would aver that legal authority referenced in Paragraph 102 of the Amended Complaint speaks for itself and any allegation to the contrary contained in Paragraph 102 of the Amended Complaint is denied.  All remaining allegations contained in Paragraph 102 of the Amended Complaint are denied.

103.

The allegations contained in Paragraph 103 of the Amended Complaint are denied as stated.

104.

The allegations contained in Paragraph 104 of the Amended Complaint are denied.

## PRAYER FOR RELIEF

105.

This Defendant would deny the allegations and demands for relief contained in the unnumbered Paragraph of the Amended Complaint commencing with "WHEREFORE, Plaintiffs respectfully pray…" including sub-paragraphs 1-8.

Defendant specifically denies each and every allegation the Amended Complaint, which has not been specifically admitted, regardless of Paragraph number or lack thereof or Paragraph letter or lack thereof.

Further, this Defendant would specifically aver that Plaintiffs are not entitled to any relief whatsoever, and that the Amended Complaint should be dismissed with prejudice with all costs taxed to the Plaintiffs, and that this Honorable Court should award attorney fees to the Defendants for defense of this matter.

## TWELFTH DEFENSE

Defendant further reserves the right to amend or supplement her Answer and Defenses as discovery and investigation continues.

## THIRTEENTH DEFENSE

This Defendant incorporates any and all defenses and affirmative defenses alleged by any other party to the extent they are not inconsistent with her denials to any allegations made in this Answer or any of Defendant's other affirmative defenses.

## FOURTEENTH DEFENSE

Defendant asserts that this action is frivolous, unreasonable, and groundless. Accordingly, Defendant is entitled to attorneys' fees and other costs associated with the defense of this action.

-21-

## **COUNTER-CLAIM**

AND NOW, having fully answered and set forth her Answer and Affirmative Defenses to Plaintiffs' Amended Complaint [Dkt #28], this Defendant/Counter-Plaintiff, CONNIE LADNER, in her official capacity as Harrison County Circuit Clerk, respectfully requests that she be dismissed from this civil action with its proper costs and the Court should proceed on this, Defendant's Counter Claim against the Plaintiffs, as follows:

1.

At all times pertinent hereto, Defendant, CONNIE LADNER, in her official capacity as Harrison County Circuit Clerk, performed all of her prescribed statutory duties.

2.

At best, the Plaintiffs in their Amended Complaint [Dkt #28], allege that Defendant, CONNIE LADNER, adhered and followed Mississippi statutes, specifically Miss. Code Ann. § 23-15-15, that they seek to find unconstitutional.  (See, i.e. ¶ 29 of the Amended Complaint). Bottom line, Plaintiffs allege that she **FOLLOWED THE LAW** as she is required to do.

3.

Plaintiffs know, or should have known, prior to filing their Amended Complaint that Defendant, CONNIE LADNER, enjoys immunity from her "execution or performance of… a statute… whether or not the statute…be valid".  Miss. Code Ann. § 11-46-9(1)(b).

4.

As such, Defendant, CONNIE LADNER, cannot be held liable for following the law.

5.

### **Count 1. - ABUSE OF PROCESS**

By the filing of its Amended Complaint, Plaintiffs have abused the process of this court

to seeking to obtain, *inter alia*, a monetary judgment by means of allegations which they knew or should have known have no success in fact or law; therefore, the Defendant, CONNIE LADNER, should be awarded damages, costs and attorneys' fees in defense hereof.

6.

## Count 2. – MISSISSIPPI LITIGATION ACCOUNTABILITY ACT

Plaintiffs' Amended Complaint has been filed in violation of the Mississippi Litigation Accountability Act, being Miss. Code Ann. § 11-55-1 *et seq.*; therefore, the Defendant, CONNIE LADNER, should be awarded damages, costs and attorneys' fees in defense thereof.

7.

## Count 3. - Rule 11, Federal Rules of Civil Procedure

Plaintiffs' Amended Complaint has been filed in violation of Rule 11, Federal Rules of Civil Procedure *et seq.*, therefore the Defendant, CONNIE LADNER, should be awarded sanctions, including costs and attorneys' fees in defense thereof.

**WHEREFORE, PREMISES CONSIDERED,** Defendant/Counter-Plaintiff, CONNIE LADNER, in her official capacity as Harrison County Circuit Clerk, files this, her Counter-Claim against the Plaintiffs/Counter-Defendants, MISSISSIPPI IMMIGRANTS RIGHTS ALLIANCE and LEAGUE OF WOMEN VOTERS OF MISSISSIPPI, and upon a trial hereon prays that judgment will be entered in favor of Defendant/Counter-Plaintiff, CONNIE LADNER, in her official capacity as Harrison County Circuit Clerk, against the Plaintiffs/Counter-Defendants, MISSISSIPPI IMMIGRANTS RIGHTS ALLIANCE and LEAGUE OF WOMEN VOTERS OF MISSISSIPPI, for all damages, costs and attorneys' fees in defense hereof and such other relief as the evidence may show she is entitled to.

RESPECTFULLY SUBMITTED, this the 13th day of November, 2020.

CONNIE LADNER, in her Capacity as Harrison
County Circuit Clerk, DEFENDANT

-23-

BY AND THROUGH HER
COUNSEL OF RECORD

BOYCE HOLLEMAN AND ASSOCIATES


By:     /s/ Tim C. Holleman_____
        Tim C. Holleman


Tim C. Holleman (Ms Bar #2526)
Patrick T. Guild (Ms Bar#103739)
BOYCE HOLLEMAN & ASSOCIATES
1720 23rd Ave./Boyce Holleman Blvd.
Gulfport, MS  39501
Telephone:  (228) 863-3142
Facsimile:  (228) 863-9829
Email:  tim@boyceholleman.com
          patrick@boyceholleman.com

## <u>CERTIFICATE OF SERVICE</u>

I, Tim C. Holleman, Boyce Holleman & Associates, do hereby certify that I have this date filed a copy of the above document with the Court's electronic filing system, which sent a notice to all counsel of record.

This the 13th day of November, 2020.

/s/ Tim C. Holleman
Tim C. Holleman

Tim C. Holleman (Ms Bar #2526)
Patrick T. Guild (Ms Bar#103739)
BOYCE HOLLEMAN & ASSOCIATES
1720 23rd Ave./Boyce Holleman Blvd.
Gulfport, MS  39501
Telephone:  (228) 863-3142
Facsimile:  (228) 863-9829
Email:  tim@boyceholleman.com
          patrick@boyceholleman.com